UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| KIDS AND CARS, Inc.<br>2208 S. Halley Court<br>Olathe, KS  66062 | ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| CENTER FOR AUTO SAFETY,<br>1825 Connecticut Ave., N.W. Suite 330<br>Washington, D.C.  20009, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Civ. No. |
| | ) | |
| v. | ) | |
| | ) | |
| ELAINE CHAO, Secretary<br>U.S. Department of Transportation<br>1200 New Jersey Avenue, SE<br>Washington, DC 20590 | ) ) ) ) | |
| | ) | |
| and | ) | |
| | ) | |
| NATIONAL HIGHWAY TRAFFIC<br>SAFETY ADMINISTRATION,<br>     1200 New Jersey Avenue, SE<br>     Washington, DC 20590, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

1.     Plaintiffs challenge the failure of the Secretary of the Department of

Transportation (DOT) to comply with mandated deadlines to promulgate a critical automobile

safety standard that will save thousands of lives each year, including those of young children,

and prevent many other thousands of people, including children, from experiencing physical

injuries, pain, and suffering. The standard at issue would require a safety belt warning system for

all designated rear seating positions of vehicles, i.e., a warning would go off if someone in the back seat were not buckled up—similar to the warning that goes off when *drivers* of vehicles fail to buckle their seat belts. On June 29, 2012 Congress passed legislation requiring that all designated seating positons in the rear seat of cars come equipped with a seat belt warning as part of the Moving Ahead for Progress in the 21st Century Act ("MAP-21"), Public Law 112-141 (July 6, 2012), 126 Stat 405; 49 U.S.C. § 30127 (note), and mandated that the Secretary initiate a rulemaking proceeding to promulgate that standard within two years of the effective date of the statute (October 1, 2012). However, more than five years later—and despite many thousands of preventable deaths and injuries of children and others sitting in the back seats of cars who were not wearing seat belts—the Secretary has yet to initiate the requisite rulemaking to establish this much needed standard. Accordingly, the Secretary has unlawfully withheld and unreasonably delayed action required by law within the meaning of the Administrative Procedure Act, 5 U.S.C. § 706(1).

## JURISDICTION

2.      This court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1361.

## PARTIES

3.      Plaintiff KIDS AND CARS, Inc. is a 501(c)(3) nonprofit organization founded to protect children in and around motor vehicles. It is dedicated to data collection, education and raising public awareness, survivor advocacy, promoting state and federal laws, regulations and policies aimed at improving motor vehicles to make them safer for children and others, and to reduce or eliminate preventable causes of injury and death. The organization advocated for and supported Congress's enactment of legislation requiring the Secretary of Transportation to promulgate a seat belt warning standard as an effective way to ensure that those sitting in the

back seat of motor vehicles, including young children, are protected from injury and death in the event of a crash.

4.      KIDS AND CARS, Inc. is injured by Defendants' failure to promulgate the mandated motor vehicle safety standard implementing a rear seat belt reminder system because this impairs the organization's ability to carry out its mission to protect individuals, particularly children, from preventable deaths and injuries that occur because they are not wearing seat belts in the back seats of motor vehicles involved in crashes. The organization is also being deprived of what should be the beneficial fruits of its actions and resources expended to advocate and support Congress's enactment of legislation mandating this requirement, because Defendants are simply ignoring that mandate. This waste of time and resources has in turn impeded the organization's ability to work on other projects that could help protect children from unsafe situations that occur in and around motor vehicles. These injuries will be redressed if Defendants are required to initiate and complete the mandated rulemaking requiring a rear seat belt reminder.

5.      Plaintiff Center for Auto Safety ("the Center") is a non-profit membership organization founded in 1970 by Consumers Union and Ralph Nader to advocate for auto safety on behalf of consumers, and it is the nation's leading consumer advocacy group dedicated to these issues. The Center has long advocated for a motor vehicle safety standard that would warn drivers and passengers that riders in the rear seat are not restrained in safety belts, including by supporting the enactment of federal legislation requiring the promulgation of such a standard.

6.      The Center brings this case on behalf of its thousands of members who ride in rear seating positions or are parents of children riding in the back seats of motor vehicles— whether in a parent's vehicle or another's. Any passenger in a rear seat whose seatbelt is not fastened is at an increased risk of injury and death should the vehicle in which they are riding be

involved in a crash. These passengers and others therefore face an increased risk of such injuries and death, as well as the emotional and financial hardships that attend such injuries and deaths. Drivers cannot always ensure that their children and other occupants are fastened in safety belts. A mandated audio reminder would significantly increase the probability that passengers would be wearing safety belts in the rear seats. The standard mandated by Congress was intended to decrease or even eliminate the risk that passengers would not wear safety belts in the rear seats of vehicles, and hence Defendants' failure to promulgate the standard required by Congress more than five years ago is directly responsible for the continuing risk of injury and death to passengers in those seating positions and other passengers in the vehicle. These injuries would be greatly ameliorated if Defendants promulgated the seat belt reminder standard for the rear seats as required by Congress.

7.      Defendant Elaine Chao is the Secretary of the Department of Transportation and is responsible for carrying out Congress's directive to promulgate the standard at issue.

8.      Defendant National Highway Traffic Safety Administration ("NHTSA") is an agency within the Department of Transportation that is responsible for promulgating motor vehicle safety standards, including the standard at issue in this case.

## FACTS GIVING RISE TO PLAINTIFFS' CLAIM FOR RELIEF

### A.      <u>Seat Belt Warnings Could Save Peoples'—Especially Children's—Lives.</u>

9.      According to NHTSA, in 2008 alone, nearly 14,000 passenger vehicle occupants who did not wear seat belts were killed. NHTSA's MOST WANTED:  *45 million Americans still not buckling up*; available at https://www.nhtsa.gov/sites/nhtsa.dot.gov/files/mostwanted.pdf

NHTSA also estimates that, on average, about 38 people each day who do not wear their seat belts are killed in motor vehicle crashes, and that half of these people would be alive today if they had worn their seat belts. *Id.*

10.     According to statistics from the National Automotive Sampling System, between October and– December 2015 alone, 180 unrestrained individuals in the rear seats of passenger vehicles suffered "serious" injuries, and 291 unrestrained individuals were killed.

11.     Motor vehicle crashes are the leading cause of death and disability for pediatric and adolescent children. NHTSA Report, "Identifying Strategies to Reduce the Percentage of Unrestrained Young Children (2009) at 3; available at https://www.nhtsa.gov/risky-driving/seat-belts. In 2005, of the 304 fatalities among children 4 to 7 years old for which restraint use was known, 136 (45%) were unrestrained. *Id.* Of the 3,300 unrestrained children of the same age group involved in crashes involving a fatality between 1998 and 2002, 27.7% were killed. *Id.*

12.     According to NHTSA, during the 5-year period from 2004 to 2008, seat belts saved over 75,000 lives. 75 Fed. Reg. at 37344.

13.     NHTSA reported that in 2015 seat belt use in passenger vehicles saved an estimated 13,941 lives. https://www.nhtsa.gov/risky-drivers/seat-belts.

14.     NHTSA recently reported that in 2014 58% of back seat passenger vehicle occupants killed in crashes were not buckled up. NHTSA Poster ("Sitting in the Back Doesn't Excuse You from Using a Seat Belt") https://twitter.com/nhtsagov/status/ 738417848280846336.

15.     According to a 2017 Report by the Insurance Institute for Highway Safety ("IIHS"), unrestrained rear-seat occupants are nearly 8 times as likely to sustain a serious injury in a crash as restrained rear-seat occupants. http://www.iihs.org/iihs/sr/statusreport/article/52/5/1.

16.     Although there is a current Federal Motor Vehicle Safety Standard ("FMVSS") that requires the driver's seating position to be equipped with a seat belt warning system that activates when the driver's seat belt is not buckled, FMVSS No. 208, there is no comparable warning if passengers in the rear seat of the vehicle are not wearing their seat belts.

17.     Children frequently ride in the back seat of motor vehicles, including their parents' and other family members' vehicles, as well as those of friends and acquaintances.

18.     Parents and others deliberately place children in the back seat, believing that this is the safest position in the vehicle, or as required by law.

19.     Young children often do not put on their own seat belts in the back seat of a motor vehicle.

20.     Parents and other drivers of cars do not always remember to fasten the safety belts of children riding in the back seats of their vehicles.

21.     Even if initially buckled into a seat belt, children, teenagers, and others often remove their seat belts while they are traveling as passengers in motor vehicles.

22.     Teenagers and many adults also frequently ride in the back seat of motor vehicles without buckling their safety belts.

23.     NHTSA estimates that when used properly, seat belts used by rear seat passengers reduce the risk of fatal injury by 44 percent. 75 Fed. Reg. 37343, 37344 (June 29, 2010).  For rear seat passenger van and sport utility vehicle occupants, seat belts reduce the risk of fatal injury by 73 percent. *Id.*

24.     There is no question that seat belt reminders in all seating positions will increase the number of rear seat passengers, particularly children, who will be fastened in their seat belts.

25.     Several studies have confirmed that drivers using cars with seat belt reminder systems are more likely to use their seat belts than if there is no such reminder.

26.     According to the IIHS 2017 report nearly two-thirds of part-time and nonusers said audible rear seat belt reminders would make them more likely to buckle up. http://www.iihs.org/iihs/sr/statusreport/article/52/5/1.

27.     A 2003 National Academy of Sciences report found that 73 percent of drivers interviewed reported that they had buckled their seat belts after being reminded to do so by a reminder system.  Buckling Up Technologies to Increase Seat Belt Use, Special Report 278 (2003), Transportation Board, National Academy of Sciences at 13; available at http://newton.nap.edu/html/SR278.pdf.  The NAS report also discussed a 2001 Swedish study showing that 83 percent of drivers interviewed after being observed not wearing their safety belts in traffic said they would buckle up if they rented a car with an aggressive audible warning system. *Id.* at 77.

28.     Few vehicles have belt reminders for the rear seating positions. According to the 2017 IIHS Report, in 2015 only 3 percent of models sold in the U.S. had them, and the number hasn't increased appreciably in newer vehicles.

**B.     Legislation Mandating a Schedule for Promulgation of a Safety Standard Requiring a Warning System for Rear Seat Belt Restraints.**

29.     On June 29, 2012, Congress passed the Moving Ahead for Progress in the 21st Century Act ("MAP-21")—a funding and authorization bill governing United States federal surface transportation spending.

30.     Subtitle E of MAP-21 includes provisions that require the Secretary of Transportation to promulgate "Child Safety Standards" by specified statutory deadlines. Public Law 112-141 (July 6, 2012), 126 Stat 405; codified at 49 U.S.C. § 30127.

31.    The statute provided that "[n]ot later than 2 years after the date of enactment of this Act, the Secretary shall initiate a rulemaking proceeding to amend Federal Motor Vehicle Safety Standard Number 208 (relating to occupant crash protection) to provide a safety belt use warning system for designated seating positions in the rear seat." *Id.*

32.    The statute further provided that "[e]xcept as provided under paragraph (2) and section 31505, the Secretary shall issue a final rule under subsection (a) not later than 3 years after the date of enactment of this Act." *Id.*

33.    The statute included only two caveats that would excuse the Secretary from promulgating a final rule within three years of enactment of the legislation.  First, a final rule would not be required within three years if the Secretary determined that an amendment to the standard did not meet the requirements and considerations that govern all motor vehicle safety standards as set forth in the Motor Vehicle Safety Act, 49 U.S.C. § 30111(a) – (b), in which event the Secretary was required to submit a report describing the reasons for not prescribing such a standard to (A) the Committee on Commerce, Science, and Transportation of the Senate; and (B) the Committee on Energy and Commerce of the House of Representatives. Second, Section 31505 of the statute provided that "[i]f the Secretary determines that any deadline for issuing a final rule . . . cannot be met, the Secretary shall—(1) provide the Committee on Committee on Commerce, Science, and Transportation of the Senate and the Committee on Energy and Commerce of the House of Representatives with an explanation for why such deadline cannot be met; and (2) establish a new deadline for that rule."

34.    The statute provided that the provisions requiring a new seat belt safety warning system would take effect on October 1, 2012. Section 3(a). This means that the Secretary of

Transportation was required to publish a proposed standard by October 1, 2014, and, unless one of the caveats described in paragraph 33 applied, a final rule by October 1, 2015.

35.    To date the Secretary has not published even a proposed rule for the standard required by the statute.

36.    On information and belief, the Secretary of Transportation made none of the determinations that would have excused the Department of Transportation from issuing a final rule by October 1, 2015—i.e., three years after the effective date of the statute—nor did the Secretary provide any of the information required to be submitted to the identified Congressional Committees.

## PLAINTIFFS' CLAIM FOR RELIEF

### Violation of the Administrative Procedure Act

37.    By failing to initiate rulemaking on the seat belt reminder standard for rear seating positions on or about October 1, 2014—the statutory deadline mandated by MAP-21, Defendants violated their statutory obligation to do so. Accordingly, Defendants have unlawfully withheld and unreasonably delayed taking mandatory actions within the meaning of Section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1).

38.    By failing to issue a final rule implementing a seat belt reminder standard for all seating positions on or about October 1, 2015—the statutory deadline imposed by MAP-21—Defendants violated their statutory obligation to do so. Accordingly, Defendants have unlawfully withheld and unreasonably delayed taking mandatory actions within the meaning of Section 706(1) of the Administrative Procedure Act, 5 U.S.C. § 706(1).

39.    Defendants' failure to initiate and finalize the seat belt reminder standard as required by MAP-21 injures Plaintiffs as described in ¶¶ 3-6.

**WHEREFORE**, Plaintiffs request that the Court issue an Order:

(1)     Declaring that Defendants' failure to meet their mandatory duty to comply with the statutory deadlines set forth in MAP-21 constitutes agency action unlawfully withheld and unreasonably delayed under the APA, 5 U.S.C. § 706(1);

(2)     Requiring Defendants to immediately initiate rulemaking on the safety standard for seat belt reminders as required by MAP-21;

(3)     Requiring Defendants to promulgate a final rule on the safety standard for seat belt reminders in all seating positions as required by 49 U.S.C. § 30127(b) within one year from the date they initiate the mandated rulemaking;

(4)     Awarding Plaintiffs their costs of litigation, including reasonable attorney and expert witness fees; and

(5)     Granting Plaintiffs any other relief as the Court may deem just and proper.

Respectfully submitted,

____/s/_____
Katherine A. Meyer
D.C. Bar No. 244301
Kmeyer@meyerglitz.com

____/s/_____
William Nicholson Lawton
D.C. Bar No. 1046604
NLawton@meyerglitz.com

Meyer Glitzenstein & Eubanks
4115 Wisconsin Ave., N.W. Suite 210
Washington, D.C.  20016
(202) 588-5206
(202) 588-5049 (fax)
Attorneys for Plaintiffs

Date:   August 16, 2017